IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CORNELL D. REYNOLDS,

                Plaintiff,                    OPINION AND ORDER

    v.                                                            19-cv-59-wmc

PATRICIA FLOOD, DEB SMITH,
JOHN AND JANE DOES 1-9, and
MILWAUKEE COUNTY,

                Defendants.

*Pro se* plaintiff Cornell D. Reynolds, who is currently incarcerated by the Wisconsin Department of Corrections at the Fox Lake Correctional Institution ("FLCI"), filed a proposed complaint under 42 U.S.C. § 1983, alleging that defendants violated his Sixth and Fourteenth Amendment rights by terminating his appointed attorney during the pendency of his post-conviction challenge to his criminal conviction. This matter is before the court for screening pursuant to 28 U.S.C. § 1915A. Even construing plaintiff's allegations generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the court is dismissing this lawsuit.

ALLEGATIONS OF FACT[1]

In addition to Milwaukee County, Reynolds names several employees of the Wisconsin State Public Defender's Office ("SPDO") as defendants, including Patricia Flood, Deb Smith and John and Jane Does.

---

[1] In addressing a pro se litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court has supplemented plaintiff's allegations with publicly available information from Reynolds' criminal and post-conviction proceedings. *See* Wisconsin Circuit Court Access, https://wcca.wicourts.gov (last visited Nov. 10, 2021).

Reynolds alleges that in 2002, he was convicted in Milwaukee County of operating a vehicle without the consent of the owner, resulting in death; operating a vehicle without the consent of the owner, resulting in great bodily harm; and being a felon in possession of a firearm. *State v. Reynolds,* Case No. 2001CF1768 (Milwaukee Cty). At that time, the SPDO appointed Terry E. Williams to be his post-conviction/appellate counsel. Following trial, Williams filed a post-conviction motion for a new trial pursuant to Wis. Stat. § 974.02. The Milwaukee County Circuit Court ordered briefing and subsequently denied the motion without a *Machner* hearing to take evidence on Reynolds' claim that Williams provided ineffective assistance of counsel.

Reynolds appealed that decision to the Wisconsin Court of Appeals, which reversed the circuit court, agreeing that a *Machner* hearing was appropriate to evaluate his trial counsel's performance. Nonetheless, the circuit court subsequently denied him relief, and Reynolds appealed that denial. *See State v. Reynolds*, Case No. 2007AP719-CR (Wis. Ct. App., filed Mar. 18, 2007). While that appeal was pending, Williams was called to the SPDO to speak with Flood and Smith. Apparently Flood, Smith and the Doe defendants concluded that Williams had billed too many hours to Reynolds' proceedings and removed Williams from that proceeding. Flood and Smith informed Williams that he would not be paid for the work he did on Reynolds' case, and that he would not be appointed for future cases.

However, the publicly available docket of that appeal shows that Williams filed the opening and reply briefs on Reynolds' behalf. *See id.* On May 21, 2009, the Wisconsin Court of Appeals denied Reynolds' appeal, concluding that Reynolds' trial attorney's performance was not deficient. *See id.*, 5/21/2009 slip. opinion. Reynolds submitted a petition for review to the Wisconsin Supreme Court on June 18, 2009, which was denied on September 24, 2009.

Subsequently, Reynolds contacted Williams to ask him for help pursuing other avenues for relief (presumably either by filing a motion for post-conviction relief in state court pursuant to Wis. Stat. § 974.06 or a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254). Williams told him that he had been fired from the SPDO and could not bear the expense of assisting Reynolds' efforts to challenge his convictions going forward, but he did offer to represent Reynolds at a reduced rate. However, since Reynolds was poor and incarcerated, he was unable to pay Williams and thus did not pursue another post-conviction challenge to his convictions.

OPINION

Plaintiff claims that the circumstances surrounding Williams' termination violated his Sixth and Fourteenth Amendment rights because he could not afford to pay Williams to pursue other forms of post-conviction relief. He is seeking a declaratory judgment and compensatory and punitive damages for his constitutional violations. However, his allegations do not state a claim for relief under either constitutional amendment.

As an initial matter, plaintiff's allegations do not implicate Milwaukee County. To establish liability against a county, a plaintiff must show: (1) deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the county; which (3) was the proximate cause of plaintiff's injury. *Ovadal v. City of Madison*, 416 F.3d 531, 535 (7th Cir. 2005) (citing *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002)); *see also Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010) (applying the *Monell* standard to government agents such as a company that contracts with the government). Since plaintiff is not challenging any formal or

informal policy or practice of the county, he has no basis to proceed on a claim against this defendant, which will be dismissed.

In any event, and as to the remaining defendants, unfortunately for plaintiff, the court can discern no constitutional claim from plaintiff's allegations. Plaintiff has no Sixth Amendment right to have counsel represent him in a post-conviction proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (holding that because there is no constitutional right to counsel in state post-conviction proceedings, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings). As such, it would be unreasonable to infer that any of the defendants violated plaintiff's Sixth Amendment rights in failing to ensure that plaintiff had *pro bono* representation to continue challenging his convictions after the completion of his direct appeal.

The result is the same with respect to plaintiff's Fourteenth Amendment claim. Prisoners have a constitutional right of access to the courts for pursuing post-conviction remedies and for challenging the conditions of their confinement. *See Campbell v. Miller*, 787 F.2d 217, 225 (7th Cir. 1986) (citing *Bounds v. Smith*, 430 U.S. 817, (1977)); *Wolff v. McDonnell*, 418 U.S. 539, 578-80 (1974); *Procunier v. Martinez*, 416 U.S. 396, 419 (1974). To state a claim of denial of access to the courts, however, the plaintiff must allege facts from which an inference can be drawn of "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). At a minimum, the plaintiff must allege facts showing that the "blockage prevented him from litigating a nonfrivolous case." *Walters v. Edgar*, 163 F.3d 430, 433-34 (7th Cir. 1998); *see also Pratt v. Tarr*, 464 F.3d 730, 731–32 (7th Cir. 2006) (to state access to courts claim, plaintiff must allege that he was deprived of the ability to pursue "a legitimate challenge to a conviction, sentence, or prison conditions"). While plaintiff's inability to hire Williams

to pursue another form of post-conviction relief may have made his efforts to pursue such relief more difficult, he has not pled any facts suggesting that any of the defendants prevented him from pursuing further relief in state or federal court *pro se*. Accordingly, plaintiff has failed to state a claim upon which relief can be granted and this case will be dismissed.

ORDER

IT IS ORDERED that:

1) Plaintiff Cornell D. Reynolds is DENIED leave to proceed, and this case is DISMISSED for failure to state a claim upon which relief can be granted.

2) The clerk of court is directed to record this dismissal as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

3) The clerk of court is directed to close this case.

Entered this 10th day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge